2024 IL App (1st) 230736-U

No. 1-23-0736

Order filed March 29, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| OAK PARK 1 HOUSING OWNER, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M4 5069 |
| | ) | |
| LASHEAN CLARK, | ) | Honorable |
| | ) | Kevin T. Lee, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's eviction order is affirmed over the tenant's contention that the landlord discriminated against her as a victim of domestic violence where the record is insufficient to support any claim of error.

¶ 2    Defendant Lashean Clark (Clark) appeals *pro se* from a circuit court order granting a judgment of eviction to plaintiff Oak Park 1 Housing Owner LLC (Owner) and against Clark for possession of an apartment and $11,440 in rent and costs. On appeal, Clark contends that the

judgment was erroneous because Owner discriminated against her as a domestic violence survivor. We affirm because the record on appeal is insufficient to review the issue presented.

¶ 3    Owner's eviction complaint alleged that it terminated Clark's lease due to nonpayment of rent from October 2021 to October 2022. Owner sought $5,111 in past due rent, possession of the apartment, and "[r]ent due through the date of judgment," court costs, and attorney fees. On April 7, 2023, Clark filed her appearance, as well as her answer denying the complaint's allegations and raising a defense that Owner "used retaliation, harassments, and attacks by other tenants."[1]

¶ 4    The record on appeal contains no reports of proceedings. The common-law record shows that, on April 14, 2023, "[a]fter contested hearing or trial" with Owner's counsel and Clark present, the court entered an eviction order awarding Owner possession of the apartment after April 28, 2023, $10,697 for rent, and $743 in costs. The docket entry for April 14, 2023, stated "[t]rial conducted in person w[ith] sworn testimony [Clark] failed to present a factual defense to back rent owed on 5 day notice."

¶ 5    Clark timely filed a notice of appeal.[2] Owner has appeared in this court and filed a (successful) motion to reconsider this court's stay of eviction, but has not filed an appellee brief. We therefore ordered the appeal taken on Clark's brief and the record alone. *McHenry Township v. McHenry County*, 2022 IL 127258, ¶ 48 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

---

[1] Clark also alleged she was not served with summons. The record reflects multiple unsuccessful attempts to serve her, and service by posting was ordered and performed on or about December 8, 2022.

[2] Clark filed a posttrial motion the same day, which the court denied without prejudice two days later. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) (when any party timely files a postjudgment motion, a notice of appeal filed before disposal of the last pending postjudgment motion "becomes effective when the order disposing of said motion *** is entered").

¶ 6    On appeal, Clark contends that the court erred in granting judgment in favor of Owner, claiming that Owner discriminated against her because she was a victim of domestic violence.

¶ 7    As an initial matter, Clark's notice of appeal incorrectly named Owner's agent Adrena Morris, rather than Owner, as plaintiff and appellee. See Ill. S. Ct. R. 303(b)(1) (eff. July 1, 2017) (notice of appeal must "bear the title of the case, naming and designating the parties in the same manner as in the circuit court"). However, even if plaintiff was incorrectly identified, the notice of appeal clearly identified which case was being appealed, the judgment being challenged, and the relief being sought such that one reading it would know the nature of the appeal. Accordingly, the notice of appeal was sufficient to confer this court with jurisdiction. See *Village of Kirkland v. Kirkland Properties Holdings Co., LLC I*, 2023 IL 128612, ¶¶ 38-39.

¶ 8    Turning to the merits of the appeal, we find the record on appeal insufficient to review the issues presented. This case was decided in a contested trial on April 14, 2023, at which the court heard testimony before finding in favor of Owner. However, the record on appeal does not include a transcript or its equivalent (Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017)) for those proceedings.

¶ 9    Clark, as appellant, has the burden of presenting a record sufficiently complete to support her claims of error. *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 36. Absent a complete record, we presume the trial court's order conformed to the law and had a sufficient factual basis. *Id.* Any doubt arising from an incomplete record is resolved against the appellant, even a *pro se* appellant such as Clark. *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶¶ 29-31. "To determine whether the trial court made the error which appellant is claiming, a court of review must have before it the record of the proceedings where the error was allegedly made." *Id.* ¶ 31. The presumption that the trial court did not err is particularly applicable to a judgment following

trial, as here, because we review a judgment or order following a bench trial for whether it was against the manifest weight of the evidence. *Granville Tower Condominium Ass'n v. Escobar*, 2022 IL App (1st) 200362, ¶ 27.

¶ 10    Without reports of proceedings, we cannot know what evidence or arguments the trial court heard. We cannot determine on this record whether, as Clark claims, her eviction was erroneous because Owner discriminated against her as a domestic violence victim. The record is insufficient to review the issues raised. We therefore presume the trial court's order conformed to the law and had a sufficient factual basis and affirm. *Doe*, 2023 IL App (1st) 230867, ¶ 36.

¶ 11    The judgment of the circuit court is affirmed.

¶ 12    Affirmed.