2024 IL App (1st) 231477-U

No. 1-23-1477

Order filed April 30, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MACALA HUDSON and CARMEN HUDSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M5 5975 |
| | ) | |
| THE DUFRESNE SPENCER GROUP, LLC, | ) | |
| d/b/a Ashley Homestores, | ) | Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming judgment for plaintiffs on their action for breach of contract where the record on appeal is inadequate to review defendant's contentions.

¶ 2    Plaintiffs Macala Hudson and Carmen Hudson brought a civil action against defendant The Dufresne Spencer Group, LLC, for breach of contract regarding the sale of furniture.[1] Following

_____

[1] As plaintiffs have the same last name, we refer to them by their first names.

a bench trial, the trial court entered judgment for Carmen totaling $2726.78. On appeal, defendant contends the judgment is erroneous because (1) the contract was with plaintiff Macala alone and Carmen had no standing to sue, and (2) plaintiffs accepted and presumably used the furniture defendant delivered and could not revoke their acceptance. We affirm.

¶ 3     The record on appeal consists of the common law record with no reports of proceedings.

¶ 4     In their October 2022 complaint, plaintiffs alleged they placed an order with defendant in November 2021 to buy furniture for $3741.98. Defendant delivered furniture later that month, but it "was incorrect and was used." Defendant informed plaintiffs that the furniture they ordered was no longer available and refused to refund their payment, telling them to select different furniture. Plaintiffs selected different furniture in November 2021 and defendant informed them it would be delivered around the end of April 2022. On April 25, 2022, defendant informed plaintiffs that the furniture they ordered was discontinued and unavailable. That day, plaintiffs demanded that defendant "pick up the incorrect and used furniture and refund the money," but neither had occurred when the complaint was filed.

¶ 5     The complaint consisted of two counts, one each for Macala and Carmen. Both counts alleged that each plaintiff had a written contract with defendant, Carmen paid for the furniture, and each plaintiff would incur, in addition to the price of the furniture, $1500 for removing the unwanted furniture. Plaintiffs sought $5241.98 in damages.

¶ 6     Attached to the complaint was a copy of a purchase order dated November 14, 2021, listing Macala as buyer of certain furniture for $3741.98 with an estimated delivery date of November 23, 2021. Also attached was a copy of an "exchange order" dated November 29, 2021, referencing the first order, listing Macala as buyer of certain furniture different from the original order, with

an estimated delivery date of April 30, 2022, and with the earlier furniture to be picked up, in exchange for an additional $11 paid in cash in December 2021.

¶ 7 Defendant filed its answer in December 2022, admitting the original order and the exchange order existed, and that it delivered furniture pursuant to the original order, but denying the allegation that the furniture was incorrect and used. It denied telling plaintiffs that the furniture they originally ordered was unavailable, or that the reselected furniture was discontinued and unavailable. Defendant acknowledged that plaintiffs demanded a refund and pickup of the delivered furniture. Defendant did not issue a refund or pick up the furniture and denied plaintiffs were entitled to either. Defendant denied allegations that Macala and Carmen each had a contract with it, also arguing that those allegations presented a legal conclusion.

¶ 8 Defendant's answer raised various affirmative defenses, including "Statute of Frauds, absence of consideration and/or lack of mutual obligation," failure of consideration for any oral or implied contract, "the doctrine of accord, satisfaction, and release," the lack of a meeting of the minds, the lack of a material breach, that "[a]ny alleged contract is *ultra vires* and void," the "doctrine of payment," and exhaustion of remedies.

¶ 9 On July 17, 2023, the court issued a written order reciting that the case was "coming before the court for bench trial" and entering judgment for Carmen and against defendant for $2249 and $477.78 in costs.

¶ 10 On February 21, 2024, this court entered an order on its own motion, taking the case for consideration on the record and defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on

an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 11     On appeal, defendant contends that the judgment is erroneous because (1) the contract at issue was with Macala alone and Carmen had no standing to sue, and (2) plaintiffs accepted and presumably used the furniture defendant delivered and could not revoke their acceptance.

¶ 12     We find the record on appeal insufficient to review the issues presented. This case was decided after a bench trial on July 17, 2023. The record on appeal does not include a transcript or its equivalent, such as a bystander's report or agreed statement of facts, for those proceedings. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017).

¶ 13     Defendant argues in its brief that the record does not refute its contentions. However, defendant as appellant has the burden of presenting a record sufficiently complete to support its claims of error. *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 36. Absent a complete record, we presume the trial court's order conformed to the law and had a sufficient factual basis. *Id*. Any doubt arising from an incomplete record is resolved against the appellant. *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶¶ 29-31. "To determine whether the trial court made the error which appellant is claiming, a court of review must have before it the record of the proceedings where the error was allegedly made." *Id*. ¶ 31. The presumption that the trial court did not err is particularly applicable to a judgment following trial, as here, because we review a judgment or order following a bench trial for whether it was against the manifest weight of the evidence. *Granville Tower Condominium Ass'n v. Escobar*, 2022 IL App (1st) 200362, ¶ 27.

¶ 14     Without a report of proceedings, we cannot know what evidence or arguments the trial court heard. We cannot determine on this record whether, as defendant claims, (1) it had a contract

with Macala alone and Carmen had no standing, or (2) plaintiffs accepted the furniture delivered by defendant and could not revoke their acceptance. The record is insufficient to review the issues raised. We therefore presume the trial court's order conformed to the law and had a sufficient factual basis. *Doe*, 2023 IL App (1st) 230867, ¶ 36.

¶ 15    The judgment of the circuit court is affirmed.

¶ 16    Affirmed.