2020 IL App (1st) 191307

FOURTH DIVISION
Filing Date December 4, 2020

No. 1-19-1307

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JENNIFER KING, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 19 m 1011232 |
| FIND-A-WAY SHIPPING, LLC, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Martin Paul Moltz, |
| | ) | Judge, Presiding. |

_____

JUSTICE HALL delivered the judgment of the court, with opinion.
Justices Lampkin and Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from an order of the circuit court which awarded plaintiff Jennifer King $2344 in damages after an antique desk she purchased online was damaged during transport by defendant, Find-A-Way Shipping, LLC.  On appeal, defendant contends that the circuit court erred in its assessment of damages and lacked both personal and subject matter jurisdiction.  For the reasons that follow, we affirm.

¶ 2                                                   BACKGROUND

¶ 3          Plaintiff, appearing *pro se*, filed a small claims complaint against defendant on February 27, 2019, in the circuit court of Cook County, seeking $3204.60 in damages. In her complaint, plaintiff alleged that on December 14, 2018, she purchased a late 18th century antique secretary desk from EBTH.com (Everything But the House). EBTH.com contracted with defendant to deliver the desk to plaintiff. On December 21, 2018, the day of the delivery, defendant sent one driver to deliver the desk, which weighed over 100 pounds. Plaintiff alleged that, during the delivery and transport, the driver severely damaged the antique desk through his own negligence. She also alleged that the desk was not properly wrapped or stored in the delivery vehicle, and it sustained major damage during transport. When the driver took the desk into plaintiff's home, he did so alone and without proper equipment, which resulted in damage to plaintiff's hardwood flooring. When plaintiff inquired why he was delivering such a large antique desk alone, the driver's response was that his boss, Elizabeth Orton, defendant's owner and CEO, directed him to do so because they were busy and short-staffed.

¶ 4          Plaintiff signed the delivery manifest, indicating that the desk arrived "broken and damaged," with intent to repair as directed by EBTH.com. Plaintiff alleged that she attempted to seek resolution with EBTH.com as it contracted with defendant for delivery. EBTH.com requested an estimate for repairs, which plaintiff secured from Armand Lee furniture restoration in the amount of $3204.60. EBTH.com was unwilling to pay for the repairs and directed plaintiff to resolve the issue directly with defendant. Plaintiff initially contacted Orton on January 15, 2019, via email. After four unsuccessful attempts to reach Orton via phone or email, plaintiff filed a complaint with the Better Business Bureau (BBB). Orton subsequently responded via email on January 24, 2019, after receiving the registered complaint filed with

the BBB. Through the BBB process, Orton eventually accepted full responsibility on behalf of defendant for the delivery driver and the company's negligence in delivering the desk. Defendant's resolution, however, was an offer to reimburse plaintiff $700, which was the amount of plaintiff's original bid for the desk on EBTH.com. Plaintiff alleged, however, that she paid a total of $861.

¶ 5        Plaintiff alleged that defendant should be liable for the total amount of the repairs as the desk cannot be replaced because it was an antique desk. Plaintiff only sought the amount for repair of the desk and not for repair of her damaged flooring. Plaintiff alleged that she was due the full cost of repair because if not for the actions of defendant, the desk would still have been in its original condition. Plaintiff attached copies of the repair estimate and email correspondence with Orton to her complaint.

¶ 6        Defendant, appearing *pro se*, filed its appearance and general answer on April 8, 2019. In its answer, defendant contended that plaintiff failed to state a claim upon which relief could be granted and failed to mitigate her alleged damages. Defendant also contended that the circuit court lacked personal and subject matter jurisdiction and that the complaint should be dismissed. On the same day, defendant also filed a motion to dismiss plaintiff's complaint on the same basis asserted in its answer, lack of personal and subject matter jurisdiction. In support of its motion, defendant asserted that it was a limited liability company principally located in Ohio and that EBTH.com was also principally located in Ohio. Defendant further alleged that plaintiff, in purchasing the desk from EBTH.com, agreed to be bound by the terms and conditions for such purchase, specifically that any claims against EBTH.com or its agents must be resolved through arbitration in Hamilton County, Ohio, and further that any court claim must be filed in Ohio. EBTH.com's terms and conditions also provided for a limit of

total aggregate liability of all claims to the greater of the total fees paid to EBTH.com in the three months prior to the action giving rise to the liability or $50. Defendant further argued that EBTH.com refunded plaintiff $780.60, the total amount paid for the desk. Defendant attached copies of the refund invoice and EBTH.com's terms and conditions to the motion. Defendant sought the dismissal of plaintiff's complaint with prejudice and reimbursement of its filing fees in the case.

¶ 7        Plaintiff filed her response to defendant's motion to dismiss on April 22, 2019. In her response, plaintiff requested that the motion be denied, arguing that defendant had enough minimal contact in Chicago to subject it to the jurisdiction of the circuit court. Plaintiff further alleged that the EBTH.com terms and conditions submitted by defendant do not apply to it as it is not an agent of EBTH.com. Plaintiff acknowledged that while the terms and conditions did not provide a legal definition of who EBTH.com considers an agent, defendant was referenced multiple times as both a third party and as local delivery. Plaintiff argued that defendant did not have authority to act on behalf of EBTH.com as an agent, instead it was contracted by EBTH.com for the sole purpose of delivering purchased products safely to the buyer, which it did not do in this case. Plaintiff further alleged that she purchased the desk with the understanding that it was located in EBTH.com's Chicago processing facility, and the purchase included local delivery by a third party. Defendant was contracted as "local delivery," and EBTH.com defined local delivery as "within 50 miles of an EBTH.com processing facility." Plaintiff further noted that defendant already admitted liability on February 3, 2019, during the BBB complaint process, and further that she took every step to find resolution to repair the damaged desk, including following the steps as indicated on the EBTH.com website. Plaintiff noted that she had since received a second repair quote from

Devontry Woodworking in the amount of $3205, and additionally noted that the repairs would not be simple because of the age of the desk, repair would require " skilled laborer to mimic the techniques of craftsmanship common in the 1700s," which are not used today.

¶ 8       Plaintiff also argued that she never denied that she was reimbursed for her purchase by EBTH.com; she was simply seeking repair costs directly from defendant as it mishandled and damaged the desk. Defendant admitted that the desk was in good condition when it was picked up. Plaintiff contended that once defendant picked up the desk, it was liable for any and all damages, which were proximately caused by defendant's negligence. Plaintiff further asserted that while defendant is located in Ohio, it operates in Chicago, does business in Chicago, has employees in Chicago, and does business with citizens of Chicago, thus subjecting it to the jurisdiction of the circuit court. Plaintiff concluded that the terms and conditions of EBTH.com did not apply to defendant because it was not an agent of EBTH.com, but a third party. Plaintiff attached several exhibits to her response in support of her contentions. Plaintiff requested that the court deny defendant's motion to dismiss.

¶ 9       The record does not contain an order indicating the disposition of defendant's motion to dismiss; however, on April 22, 2019, the case was set for trial on May 29, 2019. At the conclusion of the bench trial, an order was entered granting judgment in favor of plaintiff for $2344 plus costs. No report of proceedings or bystander's report was included in the record filed on appeal.

¶ 10      Defendant filed its timely notice of appeal on June 26, 2019. In its notice of appeal, defendant contended that the court failed to decide its motion to dismiss for lack of jurisdiction and applied the incorrect standard for property damage, "i.e. cost to repair instead of diminution in value."

¶ 11                                    ANALYSIS

¶ 12    On appeal, defendant contends that: (1) the circuit court applied an incorrect standard for assessing damages for injury to personal property as opposed to the cost to repair the property up to the value of the personal property, and (2) the judgment should be reversed and remanded because the court did not rule on defendant's motion to dismiss based on lack of jurisdiction prior to trial. Because resolution of whether the circuit court had jurisdiction affects whether or not the trial and resulting judgment were proper, we will review defendant's second issue first.

¶ 13                            A.  Lack of Jurisdiction

¶ 14    Defendant contends that the circuit court erred in failing to decide its motion to dismiss based on lack of jurisdiction and the case must be reversed and remanded.  Defendant argues that it is principally based in Ohio, and that under EBTH.com's terms and conditions, plaintiff agreed that disputes concerning her purchase would be arbitrated or litigated in Ohio.

¶ 15    We first note that defendant fails to cite any authority in support of its argument in violation of Supreme Court Rule 341(h)(7) (eff. May 25, 2018)).[1]  It is well established that points not supported by authority may be deemed waived. *Putman v. Village of Bensenville*, 337 Ill. App. 3d 197, 201 (2003).  Arguments that violate Rule 341 do not merit consideration and can be rejected solely for that reason. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23.  However, wavier is a limitation on the party, not a limitation on the powers of the reviewing court. *Northwestern Memorial Hospital v. Sharif*, 2014 IL App (1st) 133008, ¶ 21.  We therefore consider defendant's issue on the merits.

---

[1] Portions of Supreme Court Rule 341 were recently amended by 2020 Illinois Court Order 0031 (C.O. 0031), effective October 1, 2020.  However, section 341(h)(7) was not affected by the amendment.

¶ 16    Defendant contends that the circuit court did not have personal or subject matter jurisdiction and erred by failing to rule on its motion to dismiss on that basis prior to trial.

¶ 17    Generally, issues regarding jurisdiction are reviewed *de novo*. *Valent BioSciences Corp. v. Kim C-1, LLC*, 2011 IL App (1st) 102073, ¶ 19. Defendant contests both personal and subject matter jurisdiction.

¶ 18    Personal jurisdiction can be established by service of process in accordance with statute, or by a party's voluntary submission to the court's jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. Personal jurisdiction is acquired by service of summons or general appearance, and it is derived from actions of persons sought to be bound. *In re Marriage of Gorman*, 284 Ill. App. 3d 171, 178 (1996); *Pearson v. Lake Forest County Day School*, 262 Ill. App. 3d 228, 232 (1994).

¶ 19    Section 2-301 of the Code of Civil Procedure (Code) provides in pertinent part that prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person on the ground that the party is not amenable to process of a court in this State. 735 ILCS 5/2-301(a) (West 2018). That section further provides that a party filing any other pleading or motion prior to the filing of a motion objecting to the court's jurisdiction over the party's person set forth in subsection (a) waives all objections to the court's jurisdiction over the party's person prospectively unless the initial motion filed is either: (1) a motion for an extension of time to answer or otherwise plead or (2) a motion filed under section 2-1301, 2-1401, or 2-1401.1. 735 ILCS 5/2-301(a-6) (West 2018). This is to prevent a party from simultaneously invoking and denying jurisdiction. *Pearson*, 262 Ill. App. 3d at 232.

¶ 20      Here, defendant filed a general appearance, an answer, and a motion to dismiss based on lack of jurisdiction, all file stamped April 8, 2019. Because defendant filed a general appearance and answer, and not a special limited appearance solely to contest the circuit court's jurisdiction, defendant waived its objection to the court's personal jurisdiction. *In re Estate of Mirabella S.*, 2018 IL App (3d) 180414, ¶ 11. We therefore find that the circuit court had personal jurisdiction over defendant.

¶ 21      We next turn our attention to defendant's argument that the circuit court had no subject matter jurisdiction. A review of defendant's initial motion to dismiss as well as its argument on appeal reveal that it confuses subject matter jurisdiction with venue, as it argues only that the case should have been heard in Ohio as opposed to Illinois, per EBTH.com's terms and conditions.

¶ 22      Subject matter jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. *Valent*, 2011 IL App (1st) 102073, ¶ 21. To invoke subject matter jurisdiction in the circuit court, a plaintiff's case, as framed by the complaint, must present a justiciable matter. *Id.* A "justiciable matter" is a controversy appropriate for review by the court, in that it is definite and concrete, not hypothetical or moot, and touching upon the legal relations of parties having adverse interests. *Id.* In other words, the only consideration is whether the alleged claim falls within the general class of cases that the court has inherent power to hear and determine. *Kranzler v. Kranzler*, 2018 IL App (1st) 171169, ¶ 43.

¶ 23      The concept of venue, which determines where a cause of action is heard, is distinct from the concept of jurisdiction. *Kerry No. 5, LLC v. Barbella Group, LLC*, 2012 IL App (1st) 102641, ¶ 24. Section 2-101 of the Code is the general venue statute in Illinois, and it provides,

in pertinent part, that every action must be commenced in the county of residence of any defendant or in the county in which the transaction or some part occurred out of which the cause of action arose; if all defendants are nonresidents of the State, an action may be commenced in any county. 735 ILCS 5/2-101 West 2018).

¶ 24    Defendant makes no substantive argument that the circuit court lacked subject matter jurisdiction over disputes concerning property damage. We therefore find that the circuit court had subject matter jurisdiction.

¶ 25    As to defendant's substantive arguments related to venue (mischaracterized as jurisdiction), we find that they lack merit. Plaintiff, a resident of Chicago, which is situated in Cook County, filed suit against defendant based on damage to property that occurred in Cook County. Defendant, in its answer and motion to dismiss, stated that it was an LLC organized in Ohio. However, defendant did not and does not dispute that the transaction giving rise to the dispute arose in Cook County. Additionally, the record indicates that plaintiff, in her response to defendant's motion to dismiss, stated that defendant operated a location in Cook County. The record does not indicate that defendant contested that allegation. As stated previously, this court has not been provided with a report of proceedings or certified bystander's report, so we are unable to determine what arguments defendant made before the circuit court during trial concerning venue. The burden of proving improper venue is on the defendant. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 155 (2005). Doubts arising due to an inadequate record will be resolved against the defendant. *Id.* We therefore find that the circuit court of Cook County was a proper venue to hear this dispute per section 2-101 of the Code (735 ILCS 5/2-101 (West 2018)).

¶ 26                                    B.  Calculation of Damages

¶ 27  Defendant further contends that the judgment amount of $2344 was incorrectly based on the amount to repair the desk "allegedly" damaged by it minus the amount refunded to plaintiff by EBTH.com ($3204.60 - $780.60).  Defendant argues that plaintiff paid $700 for the desk and her total expense for the purchase was $861. Defendant acknowledges that typically under the standard for the assessment of damages for injury to personal property, if it is repairable, it is the reasonable cost of repairs.  Defendant contends, however, that where the cost of repairs exceeds the fair market value of the personal property, the value of the property becomes the ceiling on the amount of damages which can be recovered.  Defendant asserts that the cost to repair the desk exceeds its value and plaintiff therefore made a profit on the transaction. Defendant seeks reversal of the judgment.

¶ 28  Where an award of damages is made after a bench trial, the standard of review is whether the circuit court's judgment is against the manifest weight of the evidence.  *1472 N. Milwaukee, Ltd. v. Feinerman*, 2013 IL App (1st) 121191, ¶ 13.  To overturn a damages award, we must find that the trial judge either ignored the evidence or that its measure of damages was erroneous as a matter of law.  *Id*.  We will not overturn a trial court's determination of damages as contrary to the manifest weight of the evidence if there is evidence in the record to support the judgment amount.  *ICD Publications, Inc. v. Gittlitz,* 2014 IL App (1st) 133277, ¶ 57.

¶ 29  Here, as noted above, defendant has not filed a report of proceedings or certified bystander's report as is required by Supreme Court Rules 321 (Ill. S. Ct. R. 321 (eff. Feb. 1, 1994)) and 323 (Ill. S. Ct. R. 323 (eff. July 1, 2017)).  It is the responsibility of every appellant to provide a complete record on appeal.  *Abbey Plumbing & Heating, Inc. v. Brown,* 47 Ill. App. 3d 719, 720-21 (1977).  While *pro se* litigants are held to a lesser standard in complying with the rules for appealing to the appellate court, an appellant is required to meet a minimum

threshold in providing the court with an adequate record to review the issues raised on appeal. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993).

¶ 30 The appellant has the burden of providing a sufficient record of the trial proceedings to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. *Id.* Further, any doubt arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 31 To determine whether the trial court made the error which appellant is claiming, a court of review must have before it the record of the proceedings where the error was allegedly made. *In re Marriage of Gulla and Kanaval*, 234 Ill. 2d 414, 422 (2009). Defendant contends that the circuit court applied the wrong standard in calculating damages as the cost to repair the desk; plaintiff contends that the damages are reasonable as they represent the cost to repair a one-of-a-kind antique desk that cannot be replaced. The record does not contain any evidence to support defendant's claim that the fair market value for the desk was only $700. There is nothing in the record which reveals the circuit court's reasoning in calculating damages at the conclusion of the May 29, 2019, bench trial, though the preprinted judgment order indicates that the court was "fully advised." We must therefore conclude that the evidence that was heard fully supported the circuit court's determination that plaintiff was entitled to judgment in the amount of $2344. See *Foutch,* 99 Ill. 2d at 394. Accordingly, we affirm the circuit court's judgment of damages in favor of plaintiff.

¶ 32 CONCLUSION

¶ 33 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 34 Affirmed.