2025 IL App (1st) 240831-U

No. 1-24-0831

Order filed June 11, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| LUZ DELGADO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 716620 |
| | ) | |
| MAXIM CROWLEY, | ) | Honorable |
| | ) | Martin P. Moltz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant's appeal from the portion of the eviction order granting plaintiff possession of the apartment unit is dismissed as moot. Circuit court's monetary judgment awarded to plaintiff for unpaid rent and costs is affirmed where defendant failed to provide a sufficient record to demonstrate that the court's judgment was erroneous.

¶ 2   In this forcible entry and detainer action, defendant Maxim Crowley appeals *pro se* from a circuit court eviction order granting possession of the subject apartment unit to plaintiff, Luz Delgado, and awarding a monetary judgment for unpaid rent and costs. On appeal, defendant contends the trial court erroneously refused to allow the parties to present any other filings or

motions during the trial, the evidence at trial consisted of only hearsay testimony, and the trial was incomplete.

¶ 3    For the following reasons, we dismiss as moot defendant's challenge to the portion of the eviction order granting possession of the apartment to plaintiff, as the sheriff has already enforced the eviction order and plaintiff has regained possession. We affirm the circuit court's monetary judgment awarded to plaintiff for unpaid rent and costs where defendant failed to provide a sufficient record to demonstrate that the court's judgment was erroneous.[1]

¶ 4                                    I. BACKGROUND

¶ 5    The record on appeal consists of a 60-page common law record. Documents therein demonstrate that on October 26, 2023, plaintiff filed a complaint for eviction, alleging that plaintiff was entitled to possession of the basement unit at an apartment building on the 5600 block of North Karlov Avenue in Chicago. Plaintiff alleged defendant unlawfully withheld possession of the unit after plaintiff terminated defendant's lease for nonpayment of rent. Plaintiff stated defendant owed $7200 in rent for the months of May 2023 through October 2023. Plaintiff requested the court grant him possession of the property, past due rent plus court costs, and any additional rent due to plaintiff through the date of judgment.

¶ 6    A five-day notice dated January 31, 2023, was attached to the complaint. It indicated that plaintiff had given defendant five days' notice "[i]n November 25," and since then plaintiff had received only one payment on December 20, 2022. Plaintiff alleged that defendant was past due on his rent obligation, and that he had "no choice" but to take defendant to court. The notice informed defendant that "you have to pay the lawyer and the court fee," and was signed by plaintiff

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

as the landlord. While the notice was notarized on October 5, the notary public failed to note the year.

¶ 7    Defendant filed his *pro se* appearance on November 28, 2023. His appearance form stated that he was requesting a jury trial and it was stamped "SIX JURORS JURY."

¶ 8    On December 29, 2023, defendant was personally served with an alias summons and complaint. On the same date, the process server left a copy of the alias summons and complaint at the subject apartment for any unknown occupants and mailed the same documents to "any unknown occupants" at the subject address.

¶ 9    In response to defendant's jury demand, the case was transferred for trial. On February 21, 2024, the circuit court held a status hearing via videoconference. Following the hearing, the court entered an order scheduling the case for an "IN PERSON TRIAL" on March 13, 2024. The order stated that all parties must appear in person.

¶ 10    The record indicates that the circuit court held an "In Person" trial on March 13, 2024, and entered a written eviction order. Plaintiff's counsel completed the form order but neglected to check the box indicating the order was entered after a trial. Instead, counsel made a handwritten notation stating, "This is an Emergency Eviction." The record before this court does not contain a report of proceedings.

¶ 11    In the eviction order, the circuit court granted plaintiff possession of the subject apartment. The order stated that defendant, plaintiff, and plaintiff's attorney were present in court. The court directed that defendant must move out of the property "[*Instanter*]," and noted that if he failed to do so, the sheriff was ordered to evict him. Additionally, the order granted plaintiff a monetary judgment against defendant for $13,879.25—$13,300 in rent and $579.25 in court costs.

¶ 12    The record contains an affidavit from the sheriff's office stating that on March 21, 2024, a team of sheriff's deputies arrived at the subject address and were directed to the basement apartment. The officers knocked on the door, which was then opened by defendant. The officers explained the eviction process to defendant and escorted him out of the premises. The officers posted a "no trespassing" sticker on the unit and gave possession of the property to plaintiff.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant contends the circuit court's judgment was erroneous because the court refused to allow the parties to present filings or motions during the trial, the evidence at trial consisted of only hearsay testimony, and the trial was not complete. Defendant further states that there was no record of his jury demand in the court's computer system on the day of trial. Defendant states that during the trial, he raised a defense of illegal entry and alleged the building was not up to code. He argues that the eviction order does not state how it was entered, and notes that the damages include plaintiff's legal fees. Defendant asks this court to reverse the circuit court's judgment.

¶ 15    Plaintiff has not filed a responsive brief with this court. On February 27, 2025, we entered an order taking the case for consideration on the record and appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 16    As a threshold matter, we find that the issue of possession of the subject apartment is moot. Generally, courts do not decide moot issues, render advisory opinions, or consider claims where there will be no change in the final outcome, regardless of how the issue is decided. *In re Julie M.*, 2021 IL 125768, ¶ 21. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. The facts that must be determined

in an eviction action are which party is entitled to immediate possession of the property and whether there is a defense related to the purpose of the action that defeats the plaintiff's asserted right to possession. *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23.

¶ 17    Here, the eviction order granted plaintiff possession of the basement apartment and required defendant to relinquish possession *instanter*. Defendant failed to comply with the circuit court's order to vacate. On March 21, 2024, the sheriff's office enforced the eviction order, escorted defendant out of the apartment, posted a "no trespassing" sign on the property, and returned possession of the apartment to plaintiff.

¶ 18    Consequently, defendant's appeal from the portion of the eviction order which granted possession of the apartment to plaintiff is moot, as plaintiff has already regained possession. See *Circle Management LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007) (the appeal of a forcible entry and detainer action was moot where the circuit court had entered a possession order and the appellant had moved out, but applying the public interest exception to the mootness doctrine); see also *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶¶ 14-15 (citing *Circle Management* in finding the issue of possession of the premises moot where the defendant had already been evicted from the apartment unit); *Georgakopoulos v. Blake*, 2022 IL App (1st) 210668-U, ¶¶ 26-27 (same).

¶ 19    The eviction order, however, also included a monetary judgment against defendant for unpaid rent and costs. This portion of the order was not rendered moot by the enforcement of the eviction. See *Poulos v. Reda*, 165 Ill. App. 3d 793, 798 (1987) (although the issue of possession was moot, the claim for rent remained a viable issue). Our review of this portion of the eviction order is hampered by an incomplete record.

¶ 20    When reviewing an eviction order entered in favor of the plaintiff, our standard of review is whether the circuit court's ruling was against the manifest weight of the evidence. *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27. The court's decision will be found to be "against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the decision is unreasonable, arbitrary, or not based on the evidence." *In re Keyon R.*, 2017 IL App (2d) 160657, ¶ 16.

¶ 21    An appellant has the burden of presenting a sufficiently complete record of the circuit court proceedings to support any claims of error, and, in the absence of such a record, this court will presume that the circuit court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 22    Pursuant to Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021), the record on appeal shall include the common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Illinois Supreme Court Rule 323 (eff. July 1, 2017). Rule 323 provides that the report of proceedings may be a transcript prepared by court reporting personnel, or if no verbatim transcript is available, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)).

¶ 23    Here, the record does not contain a report of proceedings, in any format, for the March 13, 2024, trial. The record before this court consists of one volume of common law documents, which alone are insufficient to allow this court to find an error by the circuit court in entering the monetary judgment in favor of plaintiff. Without a report of proceedings or acceptable substitute, this court has no knowledge of what happened at the trial. We do not know why there was a bench trial rather

than a jury trial. We do not know what testimony or evidence was presented at trial by either party, or what arguments the parties made before the court. Nor do we know the reasoning or rationale that provided the basis for the court's entry of the monetary judgment.

¶ 24 The record is insufficient to review defendant's contentions. Under these circumstances, this court must presume that the circuit court acted in conformity with the law when it entered the eviction order. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92. Accordingly, based on this record, we affirm the circuit court's entry of the monetary judgment in favor of plaintiff.

¶ 25                                III. CONCLUSION

¶ 26 For these reasons, we dismiss defendant's appeal from the portion of the eviction order granting plaintiff possession of the basement apartment as moot. We affirm the circuit court's order in all other respects.

¶ 27 Affirmed in part; dismissed in part.