NOTICE

Decision filed 09/18/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 231282-U

NO. 5-23-1282

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 06-CF-730 |
| | ) | |
| DAVID McGOWAN, | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in denying the defendant's petition for a certificate of innocence. The record on appeal contains none of the circuit court's reasoning and is insufficient to allow for review of the alleged error. We therefore must presume that the circuit court's decision was in accordance with the relevant legal authority and had sufficient legal and factual bases.

¶ 2    Defendant, David McGowan, appeals from the denial of his petition for a certificate of innocence, arguing that the circuit court erred in not granting the petition because the statute underpinning his conviction was declared unconstitutional and void *ab initio*. For the reasons explained below, we affirm the judgment of the circuit court.

¶ 3                          BACKGROUND

¶ 4    On July 27, 2006, McGowan pled guilty to aggravated unlawful use of a weapon (AUUW) pursuant to section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 (720 ILCS 5/24-1.6(a)(1),

1

(a)(3)(A) (West 2006)), and in exchange, the remaining two counts—possession of a firearm and firearm ammunition without a requisite firearm owner's identification card (FOID)—were dismissed. On November 12, 2019, McGowan filed a petition for relief from judgment attacking his conviction of AUUW based on the Illinois Supreme Court's ruling in *People v. Aguilar*, 2013 IL 112116, ¶ 22, which held that section 24-1.6(a)(1) was unconstitutional. On December 7, 2020, the circuit court granted his petition and vacated his conviction.

¶ 5     On April 4, 2022, McGowan filed a petition for a certificate of innocence based on the vacated AUUW conviction. The State subsequently filed an answer and a supplemental answer. The State's initial answer was not in the record on appeal.

¶ 6     The State's supplemental answer acknowledged the Illinois Supreme Court, in *People v. Washington*, 2023 IL 127952, ¶ 36, held that a guilty plea was not a categorical bar to a certificate of innocence. However, the State maintained its opposition to McGowan's motion, arguing that *Washington* did not address whether a defendant could be denied a certificate of innocence where the defendant voluntarily brought about his own conviction by voluntarily pleading guilty. See *id.* ¶¶ 41-42, 59-62 (finding that petitioner sufficiently showed that he did not voluntarily bring about his conviction, based on evidence that his guilty plea was procured through police abuse and coercion). The State asserted that defendant was not innocent of all charged offenses pursuant to *People v. Warner*, 2022 IL App (1st) 210260, and, relying on *People v. Amor*, 2020 IL App (2d) 190475, that he voluntarily brought about his own conviction. It further argued that the valid charges which the State agreed to dismiss as a term of the plea agreement were not "struck and expunged," as defendant claimed.

¶ 7     On November 16, 2023, McGowan filed his response to the State's supplemental answer. Therein, he argued that the State could not make a legal claim regarding the counts it voluntarily

dismissed and therefore had no legal standing to seek judicial enforcement of the dismissed charges. He contended that subsections 2-702(g)(3) and (4) of the Code of Civil Procedure (735 ILCS 5/2-702(g)(3), (4) (West 2022)) were insufficient to deny him a certificate of innocence.

¶ 8     The circuit court held a hearing on the petition on November 21, 2023. The court's docket entry on that date stated that after considering the contents of the case file, all of the relevant pleadings, and the statements of both parties, the court denied McGowan's petition for a certificate of innocence. This appeal followed.

¶ 9                                  ANALYSIS

¶ 10    The decision whether to grant or deny a petition for a certificate of innocence is at the discretion of the circuit court. See *id.* § 2-702(a). There is a split in authority on whether the appropriate standard of review is "abuse of discretion" or "manifest weight of the evidence." See *Washington*, 2023 IL 127952, ¶ 47 (recognizing split); see also *People v. Terrell*, 2022 IL App (1st) 192184, ¶ 51 (discussing recent disagreement within the First District whether the "manifest weight of the evidence" or "abuse of discretion" standard is more applicable but noting that both are deferential standards of review). We need not decide which standard of review applies, because under either standard, we find McGowan was not entitled to a certificate of innocence. See *Washington*, 2023 IL 127952, ¶ 47.

¶ 11    The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to a certificate of innocence. *People v. Rodriguez*, 2021 IL App (1st) 200173, ¶ 44. Section 2-702(g) of the Code of Civil Procedure lists the requirements the petitioner must show that:

> "(1) the petitioner was convicted of one or more felonies by the State of Illinois and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

3

(2)(A) the judgment of conviction was reversed or vacated, and the indictment or information dismissed or, if a new trial was ordered, either the petitioner was found not guilty at the new trial or the petitioner was not retried and the indictment or information dismissed; or (B) the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

(3) the petitioner is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State; and

(4) the petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction." 735 ILCS 5/2-702(g) (West 2022).

¶ 12   McGowan contends that the circuit court erred in denying his petition because section 2-702 required it to grant his petition where the AUUW statute under which he was charged was held to be unconstitutional and void *ab initio*. He further argues that the court acted in contravention to the clear and unambiguous language of section 2-702 by determining that a certificate of innocence could only be granted upon the petitioner's showing of "actual factual innocence" of the underlying offense.

¶ 13   The State argues in response that McGowan failed to provide a sufficient basis in the record that would allow us to find error on the part of the circuit court. We agree.

¶ 14   While the fact that the statute "on which the indictment or information was based" violated the constitution meets one of the requirements to obtain a certificate of innocence (*id.* § 2-702(g)(2)(B)), McGowan also had to meet three other requirements (see *id.* § 2-702(g)(1), (3), (4)). For example, subsection 2-702(g)(4) also requires that a petitioner prove that he "did not by

4

his or her own conduct voluntarily cause or bring about his or her conviction." *Id.* § 2-702(g)(4). The State's argument in opposition to the petition shows that the parties disputed whether McGowan met his burden of proof on this point. However, the record here does not show the court's determination of this dispute or its reasoning for denying McGowan's petition.

¶ 15 It is the appellant's duty to provide a sufficiently complete record of the lower court proceedings to support his claims on appeal. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 318-19 (2003). If the relevant proceedings were not recorded and no transcript exists, the appellant is obligated to file a bystander's report or an agreed statement of facts. *Id.*; Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). In the absence of a sufficiently complete record on appeal, "the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. [Citations.] The court will resolve any doubts arising from the incompleteness of the record against the appellant." *Rogers*, 204 Ill. 2d at 319; see also *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Furthermore, McGowan is not entitled to a more lenient standard due to his *pro se* status and must abide by the same rules as an appellant who is represented by counsel. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 16 In the present matter, the record on appeal fails to include a transcript, bystander's report, or agreed statement of facts for the November 21, 2023, hearing on McGowan's petition. Further, the court's docket entry order provided no rationale for its denial of McGowan's petition. The docket entry order only commented that it considered the parties' statements, the case file, and the pleadings.

¶ 17 Without an explanation in a written order, a transcript of the hearing, or a bystander's report or agreed statement of facts, we cannot determine whether the circuit court erred in determining that McGowan did not show by a preponderance of the evidence that he was entitled to a certificate

5

of innocence based on all of the necessary statutory factors. See *King v. Find-a-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 31 (where record did not contain any evidence to support appellant's claim that the trial court applied an incorrect standard, reviewing court presumes that the challenged decision was fully supported by evidence presented to the trial court). We therefore presume that the circuit court's decision to deny McGowan's petition was properly supported by legal authority and the evidence before the court.

¶ 18                                   CONCLUSION

¶ 19    For the reasons stated above, the circuit court did not err in denying McGowan's petition for a certificate of innocence. The judgment of the circuit court is affirmed.


¶ 20    Affirmed.