2026 IL App (1st) 251094-U

No. 1-25-1094

Order filed March 4, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| 5120 SOUTH LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 24 M1 718394 |
| STEVEN HOBBS, SCYE HOBBS, and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Pablo DeCastro, |
| (Steven Hobbs and Scye Hobbs, Defendants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Appeal from an eviction order dismissed as moot as to possession and affirmed as to the monetary judgment.

¶ 2     Defendants Steven Hobbs (Steven) and Scye Hobbs (Scye) appeal *pro se* from the trial

court's order, entered following an *ex parte* bench trial, granting possession of an apartment in

Chicago to plaintiff 5120 South LLC and entering a monetary judgment against Steven for $21,843

in rent and costs. Steven has filed an appellant brief contending that the court abused its discretion in "granting default eviction" when he presented meritorious defenses and counterclaims. We dismiss in part and affirm in part.[1]

¶ 3     The record on appeal comprises the common law record with no report of proceedings or acceptable substitute.

¶ 4     On November 12, 2024, 5120 South LLC filed an eviction complaint against Steven, Scye, and unknown occupants alleging that Steven and Scye breached their lease for the apartment by nonpayment of rent and remaining in possession of the apartment after receiving a five-day notice demanding possession. 5120 South LLC sought possession of the apartment and $10,340 in past due rent through November 30, 2024, "plus court costs, and rent or use and occupancy through the stay date on the Eviction Order, accruing at a rate of $2000.00 per month, plus any additional rent per the rental agreement."

¶ 5     5120 South LLC attached copies of the first 5 pages of the 18-page lease for the premises and the five-day notice. According to the lease, monthly rent was $1,826. The lease named The Stewardship Group (Stewardship) as landlord or authorized management agent. The lease included an addendum for "ERAMP" or the Emergency Relief for Affordable Multifamily Properties program.

¶ 6     After multiple unsuccessful attempts to serve defendants with process, the court authorized service by posting. The affidavit of service certified that notice was posted at the courthouse and Chicago city hall and mailed to defendants on January 24, 2025. On February 10, 2025, the court

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

issued an order noting that defendants did not appear and continuing the case to February 25, 2025, "for Prove Up." 5120 South LLC mailed defendants a copy of the continuance order.

¶ 7    On February 25, 2025, the court continued the case in a written order noting that Steven was present in court.

¶ 8    On March 24, 2025, Steven filed a *pro se* appearance and, in his name and Scye's, also filed a "motion to vacate [the] default judgment" entered on February 10, 2025. The court continued the motion to vacate to April 16, 2025.

¶ 9    On April 15, 2025, Steven filed an emergency motion for a continuance and jury trial. On April 16, 2025, the court denied the motion for a jury trial as untimely and continued the case for bench trial to April 29, 2025.

¶ 10    On April 29, 2025, Steven filed a "Sworn Statement of Fact" alleging that the apartment had "undergone ownership changes that have resulted in ongoing legal disputes, negligence, and violations of local, state, and federal laws." Specifically, Stewardship, the prior owner, received $75,000 under the ERAMP program with "strict tenant protections," including "no 5 day notices only 30 day, no eviction without city approval," a rent cap of $1,650 monthly, and "[n]o sale without city approval." Steven had agreed to purchase the premises from Stewardship and performed work to facilitate the transaction but Stewardship "was engaging in bad faith negotiations." Steven filed a mechanic's lien against the premises for $78,000 for "unpaid services rendered and time invested in facilitating the transaction," and emotional distress.

¶ 11    Steven further alleged that Stewardship's ultimate sale of the premises to 5120 South LLC was unlawful, because Steven's mechanic's lien was not paid and the sale occurred without city approval as required by the ERAMP program. His rent violated the ERAMP rent cap, the five-day

notice was "fraudulent," and the eviction was retaliatory. Steven also alleged that he slipped and fell on the front steps of the premises on February 6, 2025, breaking four vertebrae, which he claimed resulted from 5120 South LLC's negligence in failing to salt the pavement, install handrails, and provide lighting. Steven sought $95,000 for medical expenses to date, $300,000 for possible surgery, close to $3 million for non-economic damages, and over $10 million in punitive damages for gross negligence.

¶ 12     Attached to Steven's filing were copies of documents including an unsigned sales contract for the premises between Steven and Stewardship, Steven's mechanic's lien, the deed conveying the premises from Stewardship to 5120 South LLC, an email to Steven from a city official stating that the city "has no stake in the claims" he presented but "intends to pursue remedies" for "default on the ERAMP grant agreement" with Stewardship, the ERAMP grant agreement, and an amended federal civil complaint filed by Steven against 5120 South LLC, Stewardship, and others

¶ 13     Also on April 29, 2025, the court continued the case for a bench trial to May 19, 2025.

¶ 14     On May 19, 2025, the court issued an eviction order following a "trial in defendant's absence pursuant to 735 ILCS 5/9-109." (Section 9-109 of the Code of Civil Procedure (735 ILCS 5/9-109 (West 2024)) provides that in an eviction case where "the defendant does not appear, having been duly summoned as herein provided[,] the trial may proceed *ex parte*" and "without a jury.") The eviction order granted possession of the apartment to 5120 South LLC against all defendants and found that Steven owed 5120 South LLC $20,850 in rent and $993 in court costs for a judgment totaling $21,843.

¶ 15     On May 21, 2025, Steven and Scye filed a "motion to vacate default judgment entered on May 19, 2025." The motion claimed that the "Judge had an emergency" on April 29, 2025, and

that the courtroom bailiff suggested Steven "file a complaint with ARDC against [5120 South LLC's counsel] for threatening in the courtroom and stalking outside the courtroom." It claimed that Steven did not receive a copy of the continuance order because he was "escorted out of the courtroom to the elevator," and 5120 South LLC never sent the order or notice of the new trial date. Steven asserted that he was diligent in bringing this motion and had a meritorious defense to the claims, and that vacating the judgment would not unduly prejudice 5120 South LLC.

¶ 16    5120 South LLC filed a motion to strike and dismiss the motion to vacate, explaining that, on April 29, 2025, the judge assigned to the case was absent due to an emergency and another judge presided. According to the motion, Steven was present in court and agreed to the new trial date of May 19, 2025. That day, when Steven did not appear for over a half-hour after the scheduled trial time, the court held an *ex parte* trial with one witness, 5120 South LLC's principal. 5120 South LLC argued that Steven failed to explain his absence from trial and did not act with due diligence, failed to show a meritorious defense as he filed no answer, affirmative defenses, or counterclaim, and that 5120 South LLC was prejudiced by the delay in collecting unpaid rent and costs.

¶ 17    Steven and Scye responded to 5120 South LLC's motion, arguing that the judgment entered on May 19, 2025, should be vacated due to 5120 South LLC's attorney's threats and lack of proper notice. The response reiterated Steven's defenses and requested leave to file an incorporated proposed answer to the eviction complaint, affirmative defenses, and counterclaims.

¶ 18    On June 4, 2025, the court denied the "motion to vacate default judgment" and ordered that the eviction order stand. On July 28, 2025, the trial court entered an order amending the eviction order *nunc pro tunc* to correct a scrivener's error.

¶ 19    Steven timely filed a notice of appeal on June 9, 2025. Since then, we have denied Steven's *pro se* motions to stay the eviction, without prejudice, and to reconsider the denial of a stay.

¶ 20    On appeal, Steven challenges the "default eviction," contending that the trial court abused its discretion by entering judgment against him when he presented meritorious defenses and counterclaims.

¶ 21    As a threshold issue, 5120 South LLC maintains the issue of possession is moot because the eviction was executed. Steven's brief, in turn, states that, on August 10, 2025, "[e]viction occurred, causing homelessness."

¶ 22    An appeal is moot if no actual controversy exists and a reviewing court's decision could have no practical effect on the parties so it cannot grant effectual relief. *In re V.S.*, 2025 IL 129755, ¶ 55. In this case, we cannot grant any defendant possession of the apartment because the eviction has been completed, so an appeal from the award of possession is moot. See *Delgado v. Crowley*, 2025 IL App (1st) 240831-U, ¶ 18 (collecting cases); Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (unpublished order entered on January 1, 2021, or later "may be cited for persuasive purposes"). However, the monetary judgment entered only against Steven is not moot and remains a viable issue for this court to review. See *id.* ¶ 19 (citing *Poulos v. Reda*, 165 Ill. App. 3d 793, 798 (1987) (possession was no longer a viable issue but the claim for rent remained viable)).

¶ 23    As another threshold issue, 5120 South LLC asks us to strike Steven's appellant brief for failure to comply with Illinois Supreme Court Rule 341(h)(6), (7) (eff. Oct. 1, 2020) regarding the content of briefs and Rule 342 (eff. Oct. 1, 2019) requiring that a brief's appendix include the judgment being appealed. Steven's brief lacks citations to the record in his statement of facts or argument, and the attachments to his brief do not include the judgment being appealed while

including documents we cannot consider because they are not in the record. See also *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill*, 2024 IL 129277, ¶ 20 (attachments to briefs not included in the record are not before the court and do not supplement the record); *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 15 (arguments may be rejected for violating Rule 341). While *pro se* litigants such as Steven have the same obligation as counsel to comply with rules governing appeals, we need not strike the brief and may proceed with our review when, as here, the record is short and we have the benefit of a cogent appellee brief. *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶¶ 14-16. That said, we find the record on appeal insufficient to review the issue presented.

¶ 24    The court entered an eviction order on May 19, 2025, following an *ex parte* trial, and the motion to vacate that order was denied on June 4, 2025. However, the record on appeal does not include a transcript or an acceptable substitute (Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017)) for those proceedings.

¶ 25    Steven, as appellant, has the burden of presenting a record sufficiently complete to support his claims of error. *Doe v. Readey*, 2023 IL App (1st) 230867, ¶ 36. Absent a complete record, we presume the trial court's order conformed to the law and had a sufficient factual basis. *Id.* Any doubt arising from an incomplete record is resolved against the appellant, even a *pro se* appellant such as Steven. *King*, 2020 IL App (1st) 191307, ¶¶ 29-31. "To determine whether the trial court made the error which appellant is claiming, a court of review must have before it the record of the proceedings where the error was allegedly made." *Id.* ¶ 31. The presumption that the trial court did not err is particularly applicable to a judgment following trial, as here, because we review a

judgment or order following a bench trial for whether it was against the manifest weight of the evidence. *Rivas v. Benny's Prime Chophouse, LLC*, 2025 IL App (1st) 242044, ¶ 48.

¶ 26     Without the relevant reports of proceedings, we cannot know what evidence or arguments the trial court heard. We cannot determine on this record whether, as Steven claims, the eviction order was unlawful and erroneous. *King*, 2020 IL App (1st) 191307, ¶ 31. The record therefore is insufficient to review the issues raised. Absent a complete record, we must presume the eviction order awarding 5120 South LLC a monetary judgment against Steven conformed to the law and had a sufficient factual basis and affirm. *Doe*, 2023 IL App (1st) 230867, ¶ 36.

¶ 27     Accordingly, we dismiss as moot the appeal from the award of possession and affirm the judgment of the trial court in all other respects.

¶ 28     Affirmed in part and dismissed in part.