LARRY SIMMONS, Plaintiff-Appellee, *v.* FOX VALLEY DODGE *et al.,* Defendants-Appellants.

(No. 72-353; ▮▮▮▮▮▮▮▮▮▮

Second District—December 18, 1973.

Redman, Shearer & O'Brien, of St. Charles, for appellants.

Benson, Maier & Gosselin, of Batavia, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, by his attorney, filed the following small claims complaint: "I, the undersigned, claim that the defendant (Fox Valley Dodge) is indebted to the plaintiff in the sum of $125.00 for Assumpsit and that the plaintiff has demanded payment of said sum; that the defendant refused to pay the same and no part thereof has been paid * * *" The complaint, which also related the addresses of the plaintiff and

defendant, was later amended to add St. Charles Chrysler Plymouth, Inc. (St. Charles) as an additional defendant. Attorneys for St. Charles, without questioning the sufficiency of the complaint, entered their appearance and filed an answer which was a general denial of all allegations. After hearing, the trial court found for the plaintiff and entered a judgment against St. Charles for the sum of $100 plus costs of $16.20. St. Charles appeals; the plaintiff has not appeared.

It is contended that the allegations in the complaint are insufficient to support the judgment. In arguing this position, defendant first equates the phrase "nature of the claim," found in Supreme Court Rule 282 (Ill. Rev. Stat. 1971, ch. 110A, sec. 282) to the phrase "cause of action," found in section 33 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 33) and states that because the action is based upon a contract, plaintiff should have alleged facts which show a duty, breach of that duty and damages sustained as a result of that breach.

■■ We have previously held that in a small claims complaint it is not necessary to plead all of the elements which are essential to state a cause of action under section 33 of the Civil Practice Act (*Griffin v. Billberry*, 1 Ill.App.3d 219, 221 (1971)). St. Charles, therefore, is mistaken in its attempt to treat the phrase "nature of the claim" as synonymous with the phrase "cause of action."

■■ Inasmuch as all common law elements of a cause of action need not be pleaded, the instant complaint, defective in the brevity of alleged facts which underlie plaintiff's claim, is nevertheless sufficient to support the judgment. By failing to object to the sufficiency of the complaint in the trial court, St. Charles has waived its right to do so here. Section 42(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 42 (3)); the fifth and ninth paragraphs of section 6 of the Amendments and Jeofails Act (Ill. Rev. Stat. 1971, ch. 7, sec. 6); *Gustafson v. Consumers Sales Agency, Inc.*, 414 Ill. 235, 240-248 (1953); *City of Chicago v. Vokes*, 28 Ill.2d 475, 482 (1963).

St. Charles claims the judgment is void for lack of certainty because it made no findings with respect to the defendant Fox Valley Dodge. Such lack is tantamount to a finding of that party's innocence and does not affect the validity of the judgment entered against St. Charles.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.