2026 IL App (1st) 250702-U

No. 1-25-0702

Order filed March 11, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KATERYNA MASLOVSKA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20242002910 |
| | ) | |
| EKATERINA SHIGABETDINOVA, | ) | Honorable |
| | ) | Jeffery G. Chrones, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's judgment in plaintiff's favor where defendant failed to provide a record on appeal sufficient for our review of the issues presented.

¶ 2    Defendant Ekaterina Shigabetdinova appeals *pro se* from the trial court's order entering judgment against her and in favor of plaintiff Kateryna Maslovska for breach of contract. On appeal, defendant contends that the court erred where, among other things, plaintiff breached the contract first. We affirm.

¶ 3    The record on appeal lacks a report of proceedings. The following facts are adduced from the common law record.

¶ 4    On July 22, 2024, plaintiff filed a complaint for breach of contract against defendant in small claims court. Plaintiff alleged that she, through her company AIM Pr Inc., agreed to provide "marketing and branding services" for defendant and her salon business, Femme Like You LLC, over a three-month term. Plaintiff attached the agreement, which is included in the record on appeal. Among other terms, the agreement outlined a three-part payment schedule, with the first payment due at signing.

¶ 5    Plaintiff contended that she developed strategy, created content, and established social media accounts—all of which satisfied defendant. However, defendant subsequently demanded that plaintiff be present at the salon three times a week for eight hours a day, which differed from the agreement's terms. Plaintiff reminded defendant of those terms, and defendant "recall[ed]" the first payment made via PayPal, which resulted in "frozen funds" and "financial distress" to plaintiff. Plaintiff also alleged that defendant "made false remarks" about the quality of plaintiff's work, which defendant nonetheless continued to use. Plaintiff sought $6,000 in damages.

¶ 6    On October 28, 2024, the trial court sent the parties to mediation. The record on appeal does not reflect whether the parties entered mediation or the results thereof.

¶ 7    Defendant filed a motion to dismiss plaintiff's complaint on November 25, 2024, asserting that plaintiff lacked standing to sue for breach of contract and that defendant did not owe plaintiff any obligations. Defendant attached emails from PayPal and summaries of Instagram posts. That same date, the trial court ordered defendant to file her appearance, which she did on December 16, 2024. The court entered and continued defendant's motion on that day.

¶ 8        On February 2, 2025, the court denied defendant leave to file the motion to dismiss and set the matter for trial. Defendant filed her list of three potential witnesses on March 10, 2025.

¶ 9        On March 31, 2025, the trial court entered an order indicating that plaintiff and defendant had appeared before the court, which had "jurisdiction" and had been "fully advised." The court entered judgment in plaintiff's favor "after trial" for $3,200 with costs to be assessed. The order included a handwritten notation: "trial conducted."

¶ 10        Defendant filed a notice of appeal on April 16, 2025. Plaintiff then filed a citation to discover assets on April 22, 2025, which the trial court struck in an order dated June 2, 2025.

¶ 11        On appeal, defendant argues that the work product presented by plaintiff at trial predated the contract's formation. Defendant also contends that she could not be personally liable for the agreement because it had been made between the parties' companies and signed by the parties in their official capacities. She urges that PayPal investigated the matter and found in her favor. Additionally, defendant faults the court's decision to exclude two of her three witnesses, hindering her ability to present her case. Finally, defendant asserts that plaintiff breached the contract first by abandoning the project without notice.

¶ 12        As a preliminary matter, defendant's opening brief, plaintiff's response brief, and defendant's reply brief all violate Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). All three briefs recite facts and legal propositions without providing citations to the record on appeal or supporting authorities. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). "A reviewing court is entitled to have issues clearly defined with pertinent authority cited" and "is not a repository into which" the parties "may foist the burden of *** research" or examining "the record for error." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 13    The parties' briefs also appear to violate the supreme court's guidance concerning the use of generative artificial intelligence (AI). See Ill. S. Ct. Policy on AI (eff. Jan. 1, 2025). They contain in total six references styled as citations to legal authority—four from defendant and two from plaintiff—that do not support the propositions for which they are cited or that do not exist at all. We caution the parties to comply with the supreme court's policy, which applies to *pro se* litigants. See Ill. S. Ct. Policy on AI (eff. Jan. 1, 2025) ("self-represented litigants are accountable for their final work product. All users must thoroughly review AI-generated content before submitting it in any court proceeding to ensure accuracy ***.").

¶ 14    This court has the discretion to strike noncompliant briefs and dismiss an appeal for failure to adhere to the supreme court's procedural rules. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. However, we will not do so where, as here, the "issues raised on appeal are simple." *In re Marriage of Debra N. & Michael S.*, 2013 IL App (1st) 122145, ¶ 44.

¶ 15    Regardless, defendant's appeal fails because she did not provide an adequate record for this court's review.

¶ 16    An appellant must provide a sufficiently complete record to support a claim of error on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). All appellants, including *pro se* appellants, are "required to meet a minimum threshold in providing the court with an adequate record to review the issues raised on appeal." *King v. Find-A-Way Shipping,* LLC, 2020 IL App (1st) 191307, ¶ 29. A record shall contain a common law record and any appropriate report of proceedings. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). If no report of proceedings is available, an appellant may submit a bystander's report or agreed statement of facts. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). "[I]n the absence of" an acceptable record, "it will be presumed that the order

entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. Any doubts caused by the record's incompleteness "will be resolved against the appellant." *SMS Financial CH, LLC v. Feurer*, 2025 IL App (1st) 250033, ¶ 40. "This is particularly true 'when the judgment order states that the court is fully advised in the premises.' " *Id.* (quoting *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149 (1988)).

¶ 17      As noted, the common law record lacks a report of proceedings or an adequate substitute. This court has no knowledge of the evidence or arguments presented at trial and the basis for the court's order, which was entered "after trial," with all parties present, and the court "being fully advised." Because we do not have an adequate record, we must therefore presume that the court's decision complied with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 18      For these reasons, we affirm the circuit court's decision.

¶ 19      Affirmed.